IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-00220 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| STEPHANIE LANDA, | |
| Defendant. | |

    The United States has moved for reconsideration of the order granting a certificate of appealability to defendant. The certificate was issued so that defendant could appeal this Court's denial of her motion for re-sentencing on grounds that it was required pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Defendant had moved for such re-sentencing under 28 U.S.C. 2255. Defendant opposes the instant motion. Because the Ninth Circuit now has jurisdiction over this matter, with the initial brief due to the Court of Appeals in about one month, the motion is **DENIED**.

    The United States argues that the certificate of appealability should be taken back because the *Booker* claim no longer presents a colorable legal theory. Prosecutors cite in their support *United States v. Cruz*, a Ninth Circuit case decided two weeks after this Court issued the certificate. *Cruz* held that *Booker* does not apply retroactively to convictions that became final before *Booker*. 423 F.3d 1119, 1119 (9th Cir. 2005). The government argues that defendant's conviction became final before *Booker* was issued. The government first presented this argument October 24, more than a month after *Cruz* was issued.

Defendant does not join the battle on the substantive point but instead contends that this Court has no jurisdiction to reconsider. The United States cites no authority for the proposition that this Court may reconsider a certificate more than two months after it was issued and when work on it has begun before the Ninth Circuit.

Any decision on the *Booker* issue is more appropriately decided by the Ninth Circuit. The motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: December 5, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2